**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JACKIE HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:07-CV-279-TS |
| | ) | |
| U.S. MARSHAL SERVICE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Jackie Hernandez submitted a complaint under 42 U.S.C. § 1983, alleging that

the United States Marshal Service and Porter County Jail Warden John Widup violated his

federally protected rights while he was confined at the Porter County Jail. The Court screened

the complaint pursuant to 28 U.S.C. § 1915A, allowed the Plaintiff to proceed against Defendant

Widup on his Fourteenth Amendment claim that policies and conditions at the jail caused him to

develop staph disease, and dismissed the United States Marshal Service and all other claims.

Defendant Widup filed a motion to dismiss, asserting that the Plaintiff had not exhausted his

administrative remedies as required by 42 U.S.C. § 1997e(a). Because Defendant Widup's

motion goes beyond the pleadings, the Court advised the parties that it would treat his motion to

dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

> Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to  28 U.S.C. § 1997e(a) should be without prejudice. *Perez*, 182 F.3d at 534.

In support of his summary judgment motion, Defendant Widup submits his affidavit, a copy of the Porter County Jail grievance policy, and materials from the Plaintiff's jail file. The Defendant's submissions establish that the Porter County Jail has had a grievance procedure in effect while the Plaintiff has been housed there, and that the claims he presents in his complaint were grievable.  Defendant Widup states in his affidavit that the jail's records show that the Plaintiff "never filed a grievance regarding the treatment of his medical condition or the jail conditions which allegedly caused this condition." (Widup Aff. 2, DE 16-1.)

Because the Defendant met his initial obligation under Federal Rule of Civil Procedure 56, the burden fell upon the Plaintiff to come forth with evidence sufficient, if viewed as fully in

his favor as reasonable, to allow a fact finder to decide in his favor the question of whether he

attempted to grieve the claims he raises in his complaint. *Celotex Corp.*, 477 U.S. at 317.

Although Defendant Widup provided the Plaintiff with an extensive warning, pursuant to

*Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), and

*Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an

affidavit stating facts opposing the dispositive motion, the Plaintiff has not responded. Because

he has not come forth with admissible evidence demonstrating that he grieved the policies and

conditions at the jail that he alleges caused him to become infected with staph disease, the

Plaintiff has not met his burden of coming forth with evidence sufficient which, if viewed

reasonably in his favor, would allow a fact finder to decide the question of exhaustion of

administrative remedies in his favor.

For the foregoing reasons, the Court GRANTS Defendant Widup's motion for summary

judgment (DE 15), and DISMISSES this case without prejudice pursuant to 28 U.S.C. §

1997e(a).

SO ORDERED on February 22, 2008.


 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION